Gloria K. LEVY, Plaintiff,

v.

FIRST NATIONAL CITY BANK, Chase Manhattan Bank, N. A., Chemical Bank, Bankers Trust Co., First Boston Corp., Merrill Lynch, Pierce, Fenner & Smith, Incorporated, Blyth Eastman Dillon & Co., Inc., Halsey Stuart & Co., Salomon Brothers and S. D. Leidesdorf & Co., Defendants.

BACHE HALSEY STUART INC., Blyth Eastman Dillon & Co., Inc., The First Boston Corporation, Merrill Lynch, Pierce, Fenner & Smith, Inc., Salomon Brothers, First National City Bank, Chase Manhattan Bank, N. A., Chemical Bank and Bankers Trust Co., Third-Party Plaintiffs,

v.

The NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Third-Party Defendant.

Gloria K. LEVY, Plaintiff,

v.

NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Third-Party Defendant.

No. 75 Civ. 1335.

United States District Court, S. D. New York.

Jan. 25, 1980.

Milberg, Weiss, Berhad & Specthrie, Jared Specthrie, New York City, for plaintiff Gloria K. Levy.

Cleary, Gottlieb, Steen & Hamilton, New York City, Edmund H. Kerr, Evan A. Davis, Jonathan I. Blackman, New York City, of counsel, for defendants, Bache Halsey Stuart Shields, Inc., Blyth Eastman Dillon & Co., Inc., The First Boston Corporation, Merrill Lynch, Pierce, Fenner & Smith, Inc. and Salomon Brothers; Edmund H. Kerr, Evan A. Davis, Jonathan I. Blackman, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant Chemical Bank.

Milbank, Tweed, Hadley & McCloy, New York City, for defendant The Chase Manhattan Bank, N.A.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for Ernst & Whinney as Successor to defendant S. D. Leidesdorf & Co.

Shearman & Sterling, New York City, for defendant First Nat. City Bank.

White & Case, New York City, for defendant Bankers Trust Co.

Paul, Weiss, Rifkind, Wharton & Garrison, Robert S. Smith, New York City, for third-party defendant New York State Urban Development Corp.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiff instituted this class action against the New York State Urban Development Corporation ("UDC"),[1] the commercial banks and brokerage firms that acted as underwriters of the bonds of UDC (the "underwriter defendants") issued on or about September 24, 1974, and against S. D. Leidesdorf and Co., UDC's auditors. The amended complaint alleges violations of § 17(a) of the Securities Act of 1933, and § 10(b) of the Securities Exchange Act of 1934, and the common law, in connection with the distribution and sale of UDC's bonds. The underwriter defendants filed a third-party complaint against UDC seeking indemnity and contribution on both the federal securities law and state law claims. UDC has moved to dismiss both the amended complaint and the third-party complaint on the ground that it is not amenable to

1. UDC was established by the New York legislature in 1968 as "a corporate governmental agency of the state, constituting a political subdivision and public benefit corporation." New York Unconsolidated Laws § 6254(1) (McKinney Supp.1977–78).

suit under the anti-fraud provisions of the federal securities laws.[2]

In accordance with this court's decision *In re Municipal Securities Litigation*, MDL 314 (S.D.N.Y. January 25, 1980), UDC's motion to dismiss plaintiffs' federal securities law claims is granted. The plaintiffs' state law claims against UDC are also dismissed on the authority of *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1975). *See In re Municipal Securities Litigation, supra*, at 31–33. The underwriter defendants' federal and state law claims for indemnity are dismissed pursuant to *Globus v. Law Research Service, Inc.*, 418 F.2d 1276, 1288 (2d Cir. 1969), *cert. denied*, 397 U.S. 913, 90 S.Ct. 913, 25 L.Ed.2d 93 (1970). *See also Stratton Group, Ltd. v. Sprayregen*, 466 F.Supp. 1180, 1185 n.4 (S.D.N.Y.1979), and *In re Municipal Securities Litigation, supra*, at 33 n.43. Finally, the third-party plaintiffs' federal and state law claims for contribution and/or breach of warranty are dismissed. *See In re Municipal Securities Litigation, supra*, at 33 n.43.

So ordered.

---

**2.** UDC's claims here are almost identical to those asserted by the City of New York in *In re Municipal Securities Litigation*, MDL 314 (S.D. N.Y. January 1980). UDC claims, *inter alia*, that prior to the 1975 amendments to the 1934 Act, it was not a "person" under § 3(a)(9) of the Act, and thus not amenable to suit under § 10(b).